IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OTHORENE Z. HUNT and § | |
| KENYA T. NOBLES, § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-1544-O-BK |
| § | |
| WORLDWIDE MORTGAGE CO., *et al.*, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court are multiple motions to dismiss filed by all Defendants except GMAC Mortgage LLC.[1] For the reasons that follow this case should be **DISMISSED IN ITS ENTIRETY** for lack of jurisdiction, Specifically, *Defendants' Motion to Dismiss* (Doc. 6) should be **DENIED AS MOOT,** *Defendant Tamara Williams' Motion to Dismiss tor Lack Of Subject Matter Jurisdiction* (Doc. 9) should be **GRANTED,** and *Defendants' Motion to Dismiss* (Doc. 14), *Defendants' Motion to Dismiss* (Doc. 15); and *Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted* (Doc. 17) should be **GRANTED IN PART**.

**I. BACKGROUND**

This case stems from events surrounding the foreclosure of Plaintiffs' home. Plaintiffs signed a $195,099 promissory note ("Note") on July 31, 2007, payable to Worldwide Mortgage Company ("Worldwide"), to purchase the property located at 1115 Noblewood Drive, Glenn

---

[1] Defendant GMAC Mortgage, LLC filed only a *Notice of Bankruptcy Filing and Supplemental Servicing Order* (Doc. 8), resulting in an automatic stay of proceedings against it here, pending resolution of the bankruptcy case. However, because the Court lacks subject-matter jurisdiction over all claims and defendants, as discussed in more detail herein, the claims against Defendant GMAC Mortgage LLC should nonetheless be dismissed.

1

Heights, Texas 75154 ("the Property"). (Doc. 3 at 24–26, Ex. A). To secure the Note, Plaintiffs contemporaneously executed a Deed of Trust, which was delivered to Nancy J. Schriedel as Trustee. *Id*. at 30–43, Ex. C. The Note was subsequently assigned to different entities in the following order: (1) GMAC Bank, (2) GMAC Mortgage LLC, and (3) MidFirst Bank ("MidFirst"). *Id*. at 26, Ex. A. The Deed of Trust was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Worldwide, to MidFirst on April 12, 2011. *Id*. at 44, Ex. D.

Plaintiffs executed a loan modification agreement with MidFirst on August 11, 2009. *Id.* at 56–66, Exs. J–K. At some point, Plaintiffs defaulted on their loan and were given notice of foreclosure. *Id*. at 52, Ex. G. MidFirst purchased the Property at foreclosure for $234,025.77 on June 7, 2011. *Id*. at 51, Ex. G. Plaintiffs filed this suit on April 19, 2013, against nineteen defendants, including Worldwide, MidFirst, Midland Mortgage Company (the mortgage servicer), MERS, GMAC Bank, and GMAC Mortgage LLC.[2] (Doc. 3).

Plaintiffs assert claims for fraud (only against MidFirst and its mortgage servicer), wrongful foreclosure, and violations of the Texas Business and Commerce Code and Finance Code; they also seek to quiet title and declaratory relief. *Id*. at 12–22. Specifically, Plaintiffs argue variations of the roundly discounted "show me the note" and "split the note" theories, alleging that Defendants did not have the authority to foreclose on the Property because MERS was not holder of the Note and thus was not entitled to enforce the Deed of Trust as nominee. *Id*. at 15–16. Plaintiffs also contend MidFirst perpetrated a fraud by misrepresenting that it was the holder or beneficiary of the Deed of Trust entitled to receive mortgage payments on the Note, thus collecting on a debt that it had "no legal, equitable or pecuniary interest in." *Id*. at 17.

---

[2] The remaining Defendants are individual employees of the Defendant entities named above, notaries, or law firms connected to the transfer of the Property either by assignment or foreclosure.

Plaintiffs seek to quiet title to the Property, freeing it of the encumbrance of the Deed of Trust and leaving any obligations under the Note unsecured. *Id*. at 19.

Plaintiffs also allege violations of the Texas Business and Commerce Code, arguing that "Defendant" has failed produce the Note and that it is very likely "Defendant" is not the holder of the Note. *Id*. at 12–13. Plaintiffs assert violations of the Texas Finance Code: (1) under sections 392.303 to 304 (Texas Debt Collection Act) that "Defendant" was deceptive or misleading in attempting to collect on a Note it had no authority to collect; and (2) under section 392.301(8) for holding a substitute trustee's sale. *Id*. at 13. Finally, Plaintiffs seek a declaration that Defendants lacked any interest under the Note and/or Deed of Trust and thus lacked any right to conduct a foreclosure sale. *Id*. at 20–21.

Defendants' motions to dismiss challenge Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, (Doc. 9), Rule 12(b)(6) for failure to state a claim, (Doc. 6), or both, (Docs. 14–15, 17).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Subject-matter jurisdiction "cannot be created by waiver or consent." *Id.* at 919. A federal court has an independent duty, at any time throughout the proceedings, to determine whether it properly has subject-matter jurisdiction to hear a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming*

*v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The reason the Court must first address subject-matter jurisdiction is that, without it, the case can proceed no further. *Ruhgras*, 526 U.S. at 583; *Ramming*, 281 F.3d at 161.

Plaintiffs aver in their Complaint that the Court has federal question jurisdiction under 28 U.S.C. § 1331, specifically citing the Truth in Lending Act, Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Home Ownership and Equity Protection Act ("HOEPA"). (Doc. 3 at 7). Plaintiffs further invoke the supplemental jurisdiction provisions of 28 U.S.C. § 1367 and "jurisdiction under all applicable federal jurisdiction involving financial institutions involved in the mortgage fraud area such as the Mortgage Fraud Act." *Id*. However, Plaintiffs have wholly failed to assert any claims under the federal statutes they cite, instead alleging only violations of Texas statutes and state common law claims. *Id*. at 12–21.

While supplemental subject-matter jurisdiction can extend to state law claims, a plaintiff must establish either that federal law creates the cause of action or that the right to relief "necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

The mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quotation omitted). Without any claims predicated on a substantive question of federal law, this Court is unable to hear Plaintiffs' case, much less accord them the relief they seek. *Id*. Plaintiffs' "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction." *Deutsche Bank Nat'l Trust v. Broussard*, No. 3:13-CV-1400, 2013 WL 3185919 at *2 (N.D. Tex. 2013) (Lynn, J.) (adopting magistrate's dismissal recommendation

where jurisdiction allegedly was conferred by the same statutes Plaintiffs listed here); *see also Girard v. Citimortgage, Inc.*, No. 3:12-CV-4264, 2013 WL 5873297 at *2 (N.D. Tex. 2013) (Godbey, J.) (adopting magistrate's dismissal recommendation because the plaintiff's "single passing reference to the HOEPA does not . . . support the exercise of federal question jurisdiction."). Accordingly, this case must be dismissed.

### III.  CONCLUSION

For the reasons stated above, all of Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

**SO RECOMMENDED** on November 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5